WILLIAMS, J.
h The plaintiff, Lisa Carney, appeals a judgment in favor of the defendant, Eldorado Resort Casino Shreveport. The trial court found that the casino was not liable for plaintiff’s foot injury. For the following reasons, we affirm.
FACTS
On May 20, 2011, Lisa Carney went to dinner with a female friend, Daven Hill. After eating, the women went to dance at the Celebrity Lounge, which is located on the premises of the Eldorado Casino in Shreveport. While dancing, Hill and Carney saw pieces of broken glass on the floor. Hill later told a bartender about the glass on the dance floor. A short time after the women returned to the dance floor, Carney was injured when her right foot was severely cut. Carney applied paper towels to her foot to stop the bleeding. She was then placed into a wheelchair by an Eldorado employee and taken out of the club. At that point, the employee asked Carney to write a statement about the accident. Carney wrote that she was “dancing on stage and glass hit my foot[.]”
The next day, Carney went to the Willis-Knighton emergency room and was examined by Dr. Andrew Haynes, who reported that Carney had sustained a laceration to the dorsum (top) of her right foot with “impaired” tendons. In an incident report, Eldorado Security Manager Jerry Willard, Jr., wrote that Carney stated that “she was dancing and an unk[nown] guest dropped a drink glass on the dance floor causing a piece of glass to hit the top of her right foot[.]” In a letter to a casino representative, dated June 2, 2011, Carney wrote that she was “injured while dancing on the dance floor, presumably by glass.” In a supplemental incident report, the casino security | ^investigator, Walter Patton, stated that he had reviewed the security camera footage taken at the time of the incident, but due to the lighting conditions and the crowd on the dance floor, “nothing conclusive was observed.”
Subsequently, the plaintiff, Lisa Carney, filed a petition for damages against the defendant, Eldorado Resort Casino Shreveport. Plaintiff filed a pretrial motion seeking an adverse presumption of liability against the defendant on the ground that the failure to preserve the surveillance footage constituted spoliation of evidence. After trial, the court issued written reasons for judgment. On the issue of spoliation, the trial court denied plaintiffs motion, finding that defendant had adequately explained the failure to produce the video evidence and did not act in bad faith. Regarding liability, the court found that the merchant liability statute, LSA-R.S. 9:2800.6, was inapplicable because the plaintiffs injury was not caused by a fall. The court further found that plaintiff had failed to produce evidence sufficient to satisfy her burden of proving that her injury was caused by broken glass on the floor, rather than by another patron dropping a glass near her or stepping down on her foot. The trial court rendered judgment in favor of the defendant, dismissing plaintiffs claims. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erred in finding that LSA-R.S. 9:2800.6 is *548 not applicable in this case. Plaintiff argues that the court should have applied the statute rather than general negligence principles because the case involves the safety of a merchant’s premises.
LSA-R.S. 9:2800.6 provides in pertinent part:
|S(A) A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
(B) In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages ... sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care.
A merchant is required to keep the premises safe from unreasonable risks of harm and to warn persons of known dangers. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. A merchant is not liable every time an incident happens. Harrison v. Horseshoe Entertainment, 36,294 (La.App.2d Cir.8/14/02), 823 So.2d 1124. A court of appeal should not set aside a trial court’s finding of fact in the absence of manifest error. Stohart v. State DOTD, 617 So.2d 880 (La.1993); Crisler v. Paige One, Inc., 42,563 (La.App.2d Cir.1/9/08), 974 So.2d 125.
Initially, we note that imposition of liability against a merchant for a patron’s injuries resulting from an accident on the merchant’s premises is governed by the merchant liability statute, LSA-R.S. 9:2800.6. Davis v. Wal-Mart Stores, Inc., 2000-0445 (La.11/28/00), 774 So.2d 84; Milton v. E & M Oil Co., 45,528 (La.App.2d Cir.9/22/10), 47 So.3d 1091. Thus, although the trial court was correct in stating that Section 2800.6(B) was ^inapplicable here, the court then incorrectly stated that the entire statute was not applicable in this case. Nevertheless, the trial court accurately stated that in this negligence action, the plaintiff also has the burden of proving that the defendant owed her a duty, that defendant breached the duty and that the breach was a cause of plaintiffs injury. See Boykin v. Louisiana Transit Co., Inc., 96-1932 (La.3/4/98), 707 So.2d 1225. Consequently, we shall consider the duty-risk analysis and Section 2800.6(A) in our review of the record on appeal.
The plaintiff contends the trial court erred in finding that the evidence failed to rule out alternative causes of plaintiffs injury. Plaintiff argues that the testimony showed that more likely than not broken glass on the dance floor caused the injury to plaintiffs foot.
To determine liability in a negligence case, we apply the duty-risk analysis, which requires the plaintiff to prove that the defendant’s conduct was a cause-in-fact of the resulting harm, that defendant owed a duty of care to the plaintiff, that the duty was breached and that the risk of harm was within the scope of pro *549 tection afforded by the duty breached. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318; Vig v. City of Shreveport, 28,530 (La.App.2d Cir.8/21/96), 679 So.2d 524. A critical inquiry is whether a causal relationship exists between the plaintiff’s harm and the alleged negligent conduct of the defendant. Cause-in-fact is generally a “but for” inquiry, which requires plaintiff to show he would not have sustained injury but for defendant’s conduct. Roberts v. Benoit, 605 So.2d 1032 (La.1991). In a negligence action, each inquiry must be affirmatively answered in order for plaintiff to recover. Mathieu, supra; Vig, supra. Causation is a question of fact and is subject to the manifest error standard of review. Henderson v. Gregory, 47,086 (La.App.2d Cir.6/20/12), 93 So.3d 818.
In this case, the plaintiff testified that she did not know how her foot was injured. Plaintiff acknowledged it was possible that another patron dropped a drink glass on the floor and caused a piece of broken glass to hit the top of her foot or that her foot was cut by something other than glass. When asked what could have cut her foot, plaintiff stated that she “just assumed” it was the glass which she had seen on the floor earlier.
Hill testified that she had seen glass previously on the left side of the dance floor, but had not observed any glass in the area where plaintiff was later injured. Hill stated that she did not know what caused the cut on the top of plaintiffs foot. In the incident report prepared shortly after the accident, Willard wrote that plaintiff had stated that another patron had dropped a drink glass, which broke on the floor and caused a piece of glass to hit the top of her foot. The situation described in the report suggests that the plaintiffs injury was caused by another patron who was not in defendant’s control and that defendant could not have prevented the injury in the exercise of reasonable care.
After reviewing this record and considering the applicable law, we cannot say the trial court was clearly wrong in finding that the plaintiff failed to satisfy her burden of proving that her injury would not have occurred but for the conduct of the defendant. Consequently, the assignment of error lacks merit. In making this determination, we pretermit discussion of the remaining assignments of error regarding spoliation and |fithe existence of an unreasonably dangerous condition on the premises.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Lisa Carney.
AFFIRMED.