# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-704

DAVID HYPOLITE, SR.

VERSUS

SCOTT PARTNERS MLT, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20181358
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

## CANDYCE G. PERRET
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Candyce G. Perret, Judges.

**REVERSED AND REMANDED.**

**Alfred Frem Boustany, II**
**Boustany Law Firm**
**Post Office Box 4626**
**Lafayette, LA   70502**
**(337) 261-0225**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **David Hypolite, Sr.**

**Richard Todd Musgrave**
**Theresa A. Sutherland**
**Musgrave, McLachlan & Penn, L.L.C.**
**1515 Poydras Street, Suite 2380**
**New Orleans, LA   70112**
**(504) 799-4300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Scott Partners MLT, Inc. d/b/a Piggly Wiggly**

**PERRET, Judge.**

In this merchant liability case, Plaintiff-Appellant David Hypolite, Sr. ("Mr. Hypolite") appeals the trial court's grant of summary judgment in favor of Defendant-Appellee, Scott Partners MLT, Inc., d/b/a Piggly Wiggly ("Piggly Wiggly"). The summary judgment dismissed all claims of Mr. Hypolite against Piggly Wiggly with prejudice. For the reasons set forth below, we reverse the trial court's judgment and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY:**

On March 1, 2018, Mr. Hypolite filed a petition for damages alleging that on March 4, 2017, he entered Piggly Wiggly on Cameron Street in Lafayette with his wife, proceeded down the value aisle, and slipped on a clear substance, injuring himself. Mr. Hypolite was able to catch himself on the shopping cart instead of falling to the ground. He further alleged that there were no warning signs in the immediate area of the clear substance. Mr. Hypolite asserted damages as a result of the incident, including past and future medical expenses, past and future physical pain and suffering, past and future mental pain and suffering, loss of enjoyment of life, and mileage expenses.

Piggly Wiggly answered the petition, denying liability and damages while asserting several defenses: that Mr. Hypolite's injury was caused by his own conduct, that Mr. Hypolite failed to mitigate his damages, that Mr. Hypolite's injury was the result of third parties over whom Piggly Wiggly has no control, and that Mr. Hypolite has no cause and/or right of action against Piggly Wiggly.

On June 4, 2019, Piggly Wiggly filed a motion for summary judgment and memorandum in support asserting that Mr. Hypolite could not prove the notice

requirement of La.R.S. 9:2800.6 B(2). Attached to the motion was the petition for damages and excerpts from Mr. Hypolite's deposition taken on January 21, 2019.

In his deposition, Mr. Hypolite testified that around 6:00 p.m., he walked into Piggly Wiggly approximately three to five minutes before the incident. He testified that he did not see the clear substance on the floor or any caution signs prior to his slip. He further testified that he saw no trash on the ground, no leaks, no debris, and that the floors were white. Mr. Hypolite also testified that no one else was in the aisle. Mr. Hypolite described the substance: "It wasn't noticeable for me to see it. It was clear." His guess was that the substance was "water or soda or something clear." Mr. Hypolite did not see any foot marks, streaks, or mud in the substance. The substance did not splash onto his clothes. After the incident, Mr. Hypolite's wife notified the store supervisor who came over to Mr. Hypolite and apologized.

In opposition to summary judgment, Mr. Hypolite objected to Piggly Wiggly's use of deposition excerpts asserting that, although a deposition is proper evidence on summary judgment, excerpts of a deposition are not. He also contended that he is entitled to a presumption that evidence not produced by Piggly Wiggly, i.e. alleged additional videotapes, would be unfavorable to Piggly Wiggly. Thus, Mr. Hypolite argued that legal presumptions found in La.R.S. 15:432 and/or La.Code Evid. art. 305 are applicable. Mr. Hypolite also attached Piggly Wiggly's incident report and video of the incident, which were produced by Piggly Wiggly in discovery, as exhibits to his opposition. Mr. Hypolite futher included the entirety of Piggly Wiggly's corresponding Interrogatories and Request for Production responses, which included pictures, an incident report with statements by a store employee and store manager, and the store inspection log for the day of

2

the incident. Mr. Hypolite asserted that, according to the inspection log, an employee had been in the area just before the incident, but failed to discover or clean the spill.

Piggly Wiggly objected to Mr. Hypolite's exhibits in its reply and moved to strike the exhibits from consideration. Specifically, Piggly Wiggly contended that the incident report and video tape, Exhibits 1 and 2, are unsworn and unauthenticated. Additionally, the exhibits are not answers to interrogatories, which it admits are admissible summary judgment evidence.

The summary judgment hearing took place on July 29, 2019. The trial court admitted all exhibits attached to the summary judgment pleadings. Thereafter, the trial court granted summary judgment and prepared written reasons per Mr. Hypolite's request. In granting summary judgment, the trial court stated: "[T]he plaintiff has not shown that the substance was on the floor for a sufficient amount of time or that it was known or should have been known that it was on the floor for a sufficient amount of time for there to be liability[.]"

The trial court's written reasons further state that it considered the incident report and video tape admitted by Mr. Hypolite, but "does not find that the incident report establishes prior knowledge of the foreign substance by the merchant[.]" Additionally, although the video depicts an employee in the area of the incident, "whatever was on the floor was clear and not readily observable by the plaintiff or the merchant's employees." Finding that the evidence was insufficient to establish a genuine issue of material fact, the trial court granted the motion for summary judgment and signed a written judgment on August 20, 2019.

Mr. Hypolite filed a Motion and Order For Devolutive Appeal appealing the August 20, 2019 Judgment. On appeal, Mr. Hypolite assigns two assignments of

error: (1) The trial court "erred when it allowed the [appellee] to introduce . . . selected pages taken from the appellant's deposition, rather than the deposition[,]" and (2) The trial court "erred when it failed to apply [La.Code Evid. art. 305] when deciding to grant summary judgment."

**STANDARD OF REVIEW:**

Appellate courts apply a de novo standard of review when reviewing summary judgments. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. In doing so, the appellate court uses "the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Id.* at 882-83.

"A fact is 'material' when its existence or nonexistence may be essential to [the] plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

> A "genuine issue" is a "triable issue." More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.

*Id.* (citations omitted).

Summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "The trial court, and this court on de novo review, may only consider evidence that is admissible under the express provisions of La.Code Civ.P. arts.

4

966-67." *Dowdle v. State through Dep't of Culture, Recreation, and Tourism*, 18-878, p. 5 (La.App. 3 Cir. 5/15/19), 272 So.3d 77, 81-82.

**DISCUSSION:**

**Consideration of Deposition Excerpts:**

Mr. Hypolite asserts that the trial court improperly considered excerpts of his deposition; specifically, that only full depositions meet the requirement for competent summary judgment evidence.

Admissible evidence on summary judgment includes: "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4).

Additionally, La.Code Civ.P. art. 1450 provides more details regarding the use of depositions:

> A.    At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> . . . .
>
> (4)    If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which, in fairness, should be considered with the part introduced, and any party may introduce any other parts.

Further, although applying prior versions of La.Code Civ.P. art. 966, Louisiana courts have considered the admission of deposition excerpts in deciding motions for summary judgments. Specifically, the fourth circuit stated:

> A court is allowed to consider excerpts from depositions filed in the record in connection with a motion for summary judgment, despite the fact the entire depositions were not filed. *Barnett v. Staats*, 631 So.2d 84, 88 (La.App. 2 Cir. 1994)[(abrogated on other grounds)]. In fact,

5

excerpts from depositions are regularly attached to motions for summary judgment.

*Grelle v. Youngblood*, 96-2210, p. 4 (La.App. 4 Cir. 3/26/97), 691 So.2d 279, 281-82, *writ denied*, 97-1287 (La. 9/5/97), 700 So.2d 510.[1] *See also Coleman v. Robicheaux Air Boats, Inc.*, 94-1268 (La.App. 1 Cir. 4/7/95), 657 So.2d 1331, *writ granted*, *reversed for other reasons*, 95-1843 (La. 11/13/95), 662 So.2d 452.

Thus, we find no merit to Mr. Hypolite's assertion that deposition excerpts are not proper summary judgment evidence. Additionally, although Mr. Hypolite could have required Piggly Wiggly to admit the entire deposition according to La.Code Civ.P. art. 1450, he did not make that request at the hearing. In fact, Piggly Wiggly informed the trial court that it had the entirety of the deposition if it was required. Mr. Hypolite also could have submitted the missing pages of his deposition, according to article 1450, but chose not to.

This court further notes Mr. Hypolite has not alleged that any statements made in the deposition excerpts are incorrect, were not a part of the deposition, or were not made under oath. Instead, Mr. Hypolite merely argues that the entirety of the deposition was necessary to be admissible summary judgment evidence. Therefore, we find the deposition excerpts were proper summary judgment evidence and consider that exhibit in our de novo review.

## Application of an Adverse Presumption:

Mr. Hypolite also assigns as error the trial court's failure to apply a presumption found in La.Code Evid. art. 305 in his favor when ruling on the summary judgment motion.

---

[1] The prior version of La.Code Civ.P. art. 966 applied in *Grelle* provided that depositions were proper summary judgment evidence: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(1996).

6

Louisiana Code of Evidence Article 305 provides, "If the trier of fact finds the existence of the predicate fact, and there is no evidence controverting the fact to be inferred, the trier of fact is required to find the existence of the fact to be inferred."

Mr. Hypolite suggests that because Piggly Wiggly failed to refute any of the following facts, the trial court should have inferred that "the remaining videos in the exclusive control of the appellee would not have aided the appellee in refuting those facts." Therefore, the trial court should have at least found a genuine issue of material fact as to the notice requirement of La.R.S. 9:2800.6. Those "unrefuted facts" were that Mr. Hypolite slipped on a clear substance, that Piggly Wiggly's employee performed a safety check sometime before and did not discover the substance, that the video showed that neither Mr. Hypolite nor another customer spilled the substance, and that the store failed to produce the video of when and who spilled the substance. Therefore, he is entitled to a presumption that remaining videos within Piggly Wiggly's control would not have aided Piggly Wiggly in refuting those facts. However, even if those facts are not refuted, they do not aid Mr. Hypolite in proving the notice requirement of La.R.S. 9:2800.6.

Further, Mr. Hypolite also argues that he was entitled to a presumption under La.R.S. 15:432, a criminal statute, because Piggly Wiggly only produced one video depicting the incident. This court notes that an adverse presumption exists in civil suits where a party fails to preserve evidence. "Where a litigant fails to produce evidence available to him and gives no reasonable explanation, the presumption is that evidence would have been unfavorable to his cause." *Salone v. Jefferson Par. Dep't of Water*, 94-212, p. 6 (La.App. 5 Cir. 10/12/94), 645 So.2d 747, 750 (quoting *Boh Bros. Constr. Co. Inc. v. Luber-Finer Inc.*, 612 So.2d 270,

7

274 (La.App. 4 Cir. 1992)). The second circuit has noted that the "duty to preserve evidence is enforceable if it arose from a statute, contract, special relationship between the parties or an affirmative agreement or undertaking to preserve the evidence." *Grantham v. Eldorado Resort Casino Shreveport*, 49,474, p. 4 (La.App. 2 Cir. 11/19/14), 152 So.3d 1028, 1031, *writ denied*, 14-2654 (La. 3/6/15), 160 So.3d 1290 (quoting *Acadian Gas Pipeline Sys. v. Nunley*, 46,648, p. 14 (La.App. 2 Cir. 11/2/11), 77 So.3d 457, 465, *writ denied*, 11-2680 (La. 2/10/12), 80 So.3d 487).

In *Sayre v. PNK (Lake Charles), LLC*, 15-859 (La.App. 3 Cir. 3/23/16), 188 So.3d 428, *writ denied*, 16-696 (La. 6/28/16), 192 So.3d 780, this court found that an adverse presumption was proper where the defendant failed to preserve documentation of all activity associated with a trip and fall incident despite the defendant's own written policies and procedures requiring that certain steps be taken following an incident on its property. This court considered that:

> [T]here was much testimony and evidence adduced regarding the formal policies and procedures for investigating and reporting accidents at L'Auberge. Also similar to *Salone*, parts of L'Auberge's procedures were followed, and parts were not; and, importantly, part of the evidence was collected, and part of it may not have been; in any event, it was not produced. The *Salone* court indicates that photographs *should have been taken* and that the report and the cover were missing. Similarly in this case, witness statements that *should have been taken* according to procedure were either not taken, or not produced. Further, video surveillance was collected, but only part of it was produced.

*Id*. at 439.

On the otherhand, in *Grantham*, the second circuit did not apply an adverse presumption where the defendant failed to preserve fifteen to twenty minutes of surveilliance video. The defendant's risk manager testified that she "prefers to preserve" fifteen minutes of surveilliance before and after an incident. *Grantham*,

152 So.3d at 1031. The court determined that the testimony regarding a "usual practice" instead of a written policy was not enough to support the application of an adverse presumption. *Id*. at 1032.

There are two problems with Mr. Hypotlite's claim to an adverse presumption. First, Mr. Hypolite does not point to any statute, contract, special relationship, or an affirmative agreement or undertaking to preserve the evidence. In fact, Piggly Wiggly's discovery responses state that "there are no such written instructions or procedures[,]" although walkthroughs are conducted every hour. Second, Mr. Hypolite does not present any evidence that Piggly Wiggly was in possession of other videos or that the video produced was unresponsive to his requests for production, which merely requested the production of any video "which captured the incident." Thus, under these facts, we do not find that an adverse presumption is appropriate.

**Summary Judgment:**

Although not a specified assignment of error, Mr. Hypolite's motion for appeal indicates he appealed the August 20, 2019 Judgment. Merchant liability cases such as this are governed by La.R.S. 9:2800.6, which provides that a plaintiff bringing a negligence claim for damages "sustained because of a fall due to a condition existing in or on a merchant's premises" must prove:

> [B.] (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

9

C.     Definitions:

(1)     "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Additionally, the parties' burden of proof on summary judgment is explained in La.Code Civ.P. art. 966(D)(1):

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Thus, because Piggly Wiggly will not bear the burden of proving the La.R.S. 9:2800.6 elements at trial, Piggly Wiggly need only point out the absence of factual support for one or more of the merchant liability elements. In that regard, Piggly Wiggly asserted that Mr. Hypolite can not prove that it had actual or constructive notice of the clear substance prior to Mr. Hypolite's slip. In support, Piggly Wiggly attached Mr. Hypolite's deposition excerpts, in which he testified that he did not see the substance before the incident and that the substance was not noticeable. Further, he saw no dirt or track marks in the substance and no one else was in the aisle at the time.

The burden therefore became Mr. Hypotlie's to establish a genuine issue of material fact as to the notice requirement. Although Piggly Wiggly asserts that Mr. Hypolite's opposition evidence (discovery responses, incident reports, inspection

logs, and video) was inadmissible, and that he therefore failed to produce any evidence in opposition to summary judgment, we disagree.

First, we note that the incident reports and inspection logs submitted by Mr. Hypolite were not only produced in response to requests for production, but were also used in lieu of answering interrogatories. Specifically, Piggly Wiggly answered the following interrogatories:

2. State the name, address, and telephone number of any other employee who was told the plaintiff fell in your store and the name, address, and telephone number of the person who told him.

ANSWER TO INTERROGATORY NO. 2:

Defendant objects to this interrogatory as vague and not fully knowable or answerable by this defendant. Subject to and without waiving said objection . . . . Please also see the attached incident reports.

. . . .

11. Was an inspection made before the incident described by the plaintiff to determine whether the area where the incident occurred was in a safe condition for use by customers? If your answer is in the affirmative, state when the last inspection was made before the incident and the frequency of the inspections on that date, the name, address, and job title of the person who made the last inspection, whether any instructions were given as a result of the last inspection to remove, clean, or alter anything in the area of the incident, and, if so, a description of the instructions and the name of each person to whom such instructions were given.

ANSWER TO INTERROGATORY/REQUEST NO. 11:

Defendant objects to this interrogatory as compound, confusing, and to the extent it calls for conclusions of fact and/or law. Subject to said objection, upon present information and belief, a full store walkthrough inspection, which included the area at issue, was conducted from 5:45 PM to 5:56 PM by Christopher Thibideaux. Please see the attached inspection log and store walkthrough sign in sheet.

Piggly Wiggly did not oppose the admission of its answers to interrogatories. According to La.Code Civ.P. art. 966(D)(2), the court "shall consider any documents to which no objection is made." *See also Mariakis v. North Oaks Health Sys.*, 18-165 (La.App. 1 Cir. 9/21/18), 258 So.3d 88. Therefore, we find those documents admissible.

As for the video, Piggly Wiggly opposed its introduction arguing that it is uncertified and not attached to an affidavit or deposition as required by the summary judgment statute. Instead, the video was produced as a response to a request for production. While this may be true, Mr. Hypolite's "Interrogatories and Request for Production" states, "YOU MUST STATE UNDER OATH the answers and you must produce the documents with the understanding they are produced with certification of their authenticity." In its response, Piggly Wiggly did not object to this stipulation. Thus, under these facts, we find it proper to consider the video.

Therefore, finding all evidence offered at the hearing admissible, we consider whether summary judgment was proper. "When constructive notice is at issue, the claimant must come forward with positive evidence showing that the damage causing condition existed for some period of time, and that such time was sufficient to place the merchant on notice of its existence." *Moses v. Wal-Mart Stores, Inc.*, 17-566, p. 4 (La.App. 3 Cir. 11/29/17), 258 So.3d 184, 187 (quoting *Hazelett v. Louisiana-1 Gaming*, 16-297, p. 5 (La.App. 5 Cir. 12/21/16), 210 So.3d 447, 452). The excerpts of Mr. Hypolite's deposition show that the substance was clear and unnoticeable. Additionally, the deposition testimony was that no one else was in the aisle and that Mr. Hypolite did not know where the hazard came from.

However, the evidence also shows that an employee conducted an aisle check approximately fifteen minutes prior to the incident and found the aisle to be clear. While La.R.S. 9:2800.6(C)(1) states, "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition[,]" we believe, in this case, this fact of the employee's presence is not alone. The video submitted by Mr. Hypolite shows multiple patrons traverse the aisle prior to Mr. Hypolite's appearance. One patron appears to take a step, look down at her foot, look up at the ceiling, and then walk away. While no evidence was submitted that this patron notified Piggly Wiggly of a hazard or that the patron actually encountered a hazard, on summary judgment we find that this, in addition to the employee aisle inspection, raises a material issue of fact regarding whether Piggly Wiggly knew, or in the exercise of reasonable care should have known, of the hazard. Therefore, summary judgment was not proper.

**DECREE:**

For the reasons set forth above, the trial court's grant of summary judgment in favor of Defendant-Appellee, Scott Partners MLT, Inc., d/b/a Piggly Wiggly, is reversed and the case remanded for further proceedings. Costs of this appeal are assessed to Defendant-Appellee.

**REVERSED AND REMANDED.**