Judgment rendered August 10, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,693-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BRENDA BAHAM, ET VIR                    Plaintiffs-Appellants

versus

COMPASS HEALTH BRAND                    Defendants-Appellees
CORP., ET AL

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of East Carroll, Louisiana
Trial Court No. 23,271

Honorable Angela L. Claxton, Judge

* * * * *

| | |
|---|---|
| KELLY & TOWNSEND, LLC<br>By: Keenan K. Kelly | Counsel for Appellants,<br>Brenda Baham, and<br>Curtis Baham |
| KEOGH COX & WILSON, LTD<br>By: Chad Anthony Sullivan | Counsel for Appellee,<br>Compass Health Brand<br>Corp. |
| MAYER, SMITH & ROBERTS, L.L.P.<br>By: Deborah Shea Baukman | Counsel for Appellee,<br>Midsouth Medical, Inc. |

* * * * *

Before PITMAN, STONE, and THOMPSON, JJ.

**THOMPSON, J.**

A woman with preexisting back injuries was using a prescribed rolling walker that included parking brakes and a seat, when she fell while trying to sit down. She had used the walker for over three months without incident. However, she asserted her fall and resulting injuries were caused by the rolling walker's brakes not functioning properly when she attempted to sit, which caused the roller to move away from her and her subsequent fall to the floor. The injured woman and her husband filed suit against both the manufacturer of the walker and its local distributor. Asserting the inapplicability of the Louisiana's product liability laws against a retailer, as well as the lack of negligence by its employee, the retailer filed a motion for summary judgment, which the trial court granted, dismissing all claims against it. Conceding the inapplicability of any claims for product liability against the retailer, the plaintiffs appeal only the granting of the motion for summary judgment on the negligence claims. Finding no genuine issue of material fact regarding any negligence by the retailer, and for reasons set forth in greater detail below, we affirm the trial court's grant of summary judgment on the plaintiffs' negligence claims.

### FACTS AND PROCEDURAL HISTORY

On May 20, 2019, Brenda Baham ("Mrs. Baham") underwent a lumbar fusion surgery, and on May 30, 2019, her surgeon prescribed a Rollator, which is a walker with four wheels and a hand brake, to assist her with safe ambulation. The Rollator was manufactured by defendant Compass Health Brand Corp. ("Compass") and purchased from defendant Midsouth

Medical, Inc. ("Midsouth"). The Rollator was assembled and tested in Midsouth's office before it was delivered to Mrs. Baham. On May 30, 2019, the Rollator was delivered by Damon Tyler ("Tyler"), an employee of Midsouth. Tyler gave Mrs. Baham instructions on how to use the device, specifically, how to walk, sit, and use the hand brakes. Tyler told Mrs. Baham that if her balance was not good, then she might move the Rollator too fast, and it would get away from her. He explained under those circumstances, she could use the hand brakes to slow it. Mrs. Baham was also given the product manual for the Rollator, which included similar instructions.

The Rollator has two hand brakes that, when squeezed, function like hand brakes on a bicycle. The manual states that the hand brakes should not be used as a primary stopping tool, but "it can be used if needed but is primarily designed to maintain a stopped stance." The device also has a parking brake, which is engaged by the user pressing down on the brake handles until the handle locks into place. The manual instructs users to engage the parking brakes and gently ease into the seat of the Rollator by using the hand grips for support. Mrs. Baham testified that she read the manual and that she never felt the need to have the brakes adjusted during the time of her use. She testified that she had never experienced any problems with the brakes or any other aspect of the Rollator prior to the accident and that it had functioned properly.

On October 10, 2019, over four months after she began using the Rollator, Mrs. Baham was using the device while at work. She was removing paperwork from a filing cabinet when she says she locked the

2

brakes of the Rollator. When she attempted to sit down, it rolled out from under her, and she fell to the ground. She claims the fall aggravated or exacerbated her preexisting lumbar spine injury. She asserts that after her fall, it was determined that the Rollator brakes were not functioning properly and would not lock the wheels. The record does not contain any expert testimony or evidentiary support for Mrs. Baham's assertion that the brakes were not functioning on the day of her fall.

Mrs. Baham and her husband, Curtis Baham (hereinafter, "plaintiffs"), filed suit against Compass and Midsouth, asserting claims of negligence and products liability. Midsouth filed a motion for summary judgment, arguing that as a seller, it is not subject to liability under the Louisiana Products Liability Act and that there was no evidence against it for negligence. Plaintiffs and Compass opposed the motion for summary judgment. The trial court granted Midsouth's motion for summary judgment as to the plaintiffs' products liability and negligence claims and dismissed the claims with prejudice. Plaintiffs are now appealing that judgment but only regarding the claims for negligence. They have not appealed the claims of products liability against Midsouth.

**ASSIGNMENTS OF ERROR**

Plaintiffs assert two assignments or error, namely:

1. The trial court erred in ruling that there were no genuine issues of material fact as to plaintiff-appellants' negligence claims against defendant-appellee, Midsouth Medical, Inc.; and

2. The trial court erred in granting defendant-appellee, Midsouth Medical, Inc.'s Motion for Summary Judgment on plaintiff-appellant's negligence claims.

3

**DISCUSSION**

Plaintiffs argue that the district court improperly granted Midsouth's motion for summary judgment and finding there was no genuine issue of material fact as to their negligence claims. Due to the fact that both of the plaintiffs' assignments of error involve the same factual basis and legal analysis, we will address them together.

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bess v. Graphic Packaging Int'l, Inc.*, 54,111 (La. App. 2 Cir. 11/17/21), 331 So. 3d 490. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So.

4

3d 874; *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876, *cert. denied*, 574 U.S. 869, 135 S. Ct. 197, 190 L. Ed. 2d 130 (2014); *Bess*, *supra*. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230; *Bess*, *supra*.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967(A). When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so

5

respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).

Midsouth filed a motion for summary judgment, asking the trial court to determine that there were no genuine issues of fact and that it was entitled to judgment on plaintiffs' negligence and products liability claims against it. The trial court granted the motion for summary judgment. Plaintiffs have chosen to appeal only the negligence claim made against Midsouth and now argue that there is sufficient evidence that Midsouth was negligent, specifically in its duty to properly instruct Mrs. Baham on the use of the Rollator.

To determine liability in a negligence claim, we apply the duty-risk analysis, which requires the plaintiffs to prove that the defendant's conduct was a cause-in-fact of the resulting harm, that defendant owed a duty of care to the plaintiffs, that duty was breached, and that the risk of harm was within the scope of protection afforded by the duty breached. *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94), 646 So. 2d 318; *Carney v. Eldorado Resort Casino Shreveport*, 48,761 (La. App. 2 Cir. 1/29/14), 132 So. 3d 546. A critical inquiry is whether a causal relationship exists between the plaintiff's harm and the alleged negligent conduct of the defendant. Cause-in-fact is generally a "but for" inquiry, which requires plaintiff to show he would not have sustained the injury but for defendant's conduct. *Carney*, *supra*. In a negligence action, each inquiry must be affirmatively answered in order for plaintiff to recover. *Id.*

In the present matter, plaintiffs argue that Midsouth's employee, Tyler, negligently instructed Mrs. Baham on the use of the Rollator. He

testified that he instructed her that in the specific situation where she was moving too fast, she could use the hand brakes to slow herself. Mrs. Baham contends that this instruction is contrary to the Rollator's operating instructions. She contends it is the overuse of the hand brakes that caused wear and tear on the brakes so that they did not lock on the day of her accident. There was no evidence presented at trial to support this theory.

The record reveals that Tyler testified he had never read the Rollator's instruction manual, despite instructing patients on the device's use. As to his instruction to Mrs. Baham regarding the use of the hand brakes, the device manual states "DO NOT use the hand brake as a primary stopping tool. It may be used if needed but is primarily designed to maintain a stopped stance." Despite Mrs. Baham's argument to the contrary, we do not find that Tyler's instructions to Mrs. Baham contravene the instructions contained in the user manual. An occasional use of the hand brakes to slow speed or stop, as instructed by Tyler, is contemplated by the manual.

Moreover, we find that there is an absence of factual support for the causation element of plaintiffs' negligence claim. Plaintiffs have not provided any evidence that supports the theory that Mrs. Baham's use of the hand brakes could be considered "overuse" and that this alleged overuse caused the brakes to fail on the day of her accident. There was no evidence or any inspection or observed failure of the functioning of the brakes. Although Tyler's failure to read the Rollator's manual may be indicative of a lack of thorough familiarity with every aspect of the Rollator, there is no evidence in the record that he gave Mrs. Baham improper instructions or directions contrary to those provided in the manual by the manufacturer.

Notably, Mrs. Baham admitted that she read the instruction manual after it was provided by Tyler, meaning she was aware of the warnings and instructions provided by the device's manufacturer, including those instructions regarding adjustments or maintenance of the brakes. This lack of causation evidence is fatal to the plaintiffs' negligence claim against Midsouth, and therefore, summary judgment on this matter is appropriate.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment. Costs of this appeal are assessed to plaintiffs, Brenda Baham and Curtis Baham.

**AFFIRM.**